UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON HAWKINS, # 241217

        Petitioner,

v.

CASE NO. 2:08-CV-10218
HONORABLE ANNA DIGGS TAYLOR

S. L. BURT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING OUTSTANDING MOTIONS**

**I.    Introduction**

Petitioner, a state prisoner currently confined at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the loss of 403 days of disciplinary credits which he claims were improperly forfeited by the Michigan Department of Corrections due to two major misconduct violations. For the reasons stated herein, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust state court remedies. The Court also denies Petitioner's outstanding motions as moot.

**II.    Discussion**

Petitioner is currently serving concurrent sentences of 3 ½ years to 15 years imprisonment on two third-degree criminal sexual conduct convictions. In his pleadings, Petitioner asserts that he improperly lost 24 days of disciplinary credits arising from a major misconduct violation for being out of place in 2000 and that he improperly lost 379 days of disciplinary credits arising from a major misconduct violation for substance abuse (drug test refusal) in 2003. Petitioner seeks

1

restoration of those forfeited credits and an earlier release from custody. Petitioner is scheduled to be discharged from his sentences on March 28, 2008.

Petitioner unsuccessfully challenged the major misconduct violations by filing grievances within the Michigan Department of Corrections. He also attempted to pursue a state habeas action in the Jackson County Circuit Court in May and June of 2007, but his case was not accepted due to filing deficiencies concerning his indigent status. Petitioner states that he attempted to correct those deficiencies, but has not received further information from the state court since June, 2007. Petitioner dated his federal petition for writ of habeas corpus on January 3, 2008 and it was filed by this Court on January 15, 2008.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state remedies. Petitioner admits that he has not pursued relief in the Michigan courts through the proper filing of a state habeas corpus petition. *See Butler v. Warden,* 100 Mich. App. 179; 298 N.W.2d 701 (1980); *see also Triplett v. Deputy Warden,* 142 Mich. App. 774, 779-80; 371 N.W.2d 862 (1985). When a prisoner appears to have an available state remedy by which to exhaust his habeas claims, his habeas petition should be dismissed. *See Foster*, 159 F. Supp. 2d at 638. Any doubts about the availability of state corrective processes are resolved in favor of exhaustion. *See Lukity v. Elo,* 2000 WL 1769507, *4 (E.D. Mich. Oct. 10, 2000).

An exception to the exhaustion requirement exists only if there is no opportunity to obtain

2

relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Petitioner asserts that the exhaustion requirement should be excused in this case because the Jackson County Circuit Court has not accepted his state habeas case for review. Petitioner, however, has not shown that he has made the appropriate filings in the state court. The record before this Court indicates that Petitioner's state habeas action was rejected for filing deficiencies, but that he could proceed with such an action by filing the appropriate paperwork. Because Petitioner has an available state remedy by which to exhaust his claims, his habeas petition is premature and must be dismissed.

## III. Conclusion

Based upon the foregoing analysis, this Court concludes that Petitioner has not fully exhausted his state remedies and must do so before attempting to proceed before this Court in a federal habeas action. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. Additionally, given this determination, the Court also **DENIES** Petitioner's outstanding motions for leave to file pleadings that exceed the page limitation [d/e 3] and for expedited handling [d/e 4] as moot.

**SO ORDERED**.


DATED: February 7, 2008           **s/ Anna Diggs Taylor**
                                  ANNA DIGGS TAYLOR
                                  UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order of Dismissal was served upon Petitioner by First Class U.S. mail on February 11, 2008.

                                  s/Johnetta M. Curry-Williams
                                  Case Manager