UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON HAWKINS, #241217

        Petitioner,

                                            CASE NO. 2:08-CV-10218
v.                                        HONORABLE ANNA DIGGS TAYLOR

S. L. BURT,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR TIME EXTENSION
AND DENYING MOTION FOR AMENDMENT OF JUDGMENT
(dkt # 8 & 9)**

Before the Court are Petitioner's motions for time extension and for amendment of judgment, brought pursuant to Federal Rule of Civil Procedure 59(e), concerning this Court's non-prejudicial dismissal of his petition for writ of habeas corpus for failure to demonstrate that he has fully exhausted available state court remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

I.     Motion for Time Extension

As an initial matter, Petitioner seeks an extension of time to file his motion for amendment of judgment. Under Federal Rule of Civil Procedure 59(e), Petitioner's motion for amendment of judgment was required to be filed within 10 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."); E.D. Mich. L. R. 7.1(g)(1) ("A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order."). In support of his motion, Petitioner states that he did not receive a copy of the February 7, 2008 judgment

1

until February 14, 2008 and that he has limited access to the law library. Petitioner filed the instant motion and his motion for amendment of judgment on February 22, 2008 and February 23, 2008, respectively. Having considered the matter, the Court finds that Petitioner's motion for an extension of time should be granted. Accordingly, the Court **GRANTS** Petitioner's motion for time extension and shall consider the merits of his motion to amend the judgment.

II.     Motion for Amendment of Judgment

In this motion, Petitioner recounts the steps that he has taken to pursue a state habeas action and the state court's rejection of his pleadings for filing deficiencies, and asserts that further exhaustion attempts in the state courts would be futile. Petitioner raised these issues in his initial pleadings. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). The non-prejudicial dismissal of this action on exhaustion grounds was appropriate. The record indicates that Petitioner's state habeas action was rejected for filing deficiencies, but that he could proceed with such an action by filing the appropriate paperwork. Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). He is therefore not entitled to relief from judgment. Accordingly, the Court **DENIES** Petitioner's motion for amendment of judgment.

    **SO ORDERED**.

    **s/ Anna Diggs Taylor**
    ANNA DIGGS TAYLOR
    UNITED STATES DISTRICT JUDGE

Dated: March 10, 2008

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Order was served upon Petitioner by First Class U.S. mail on March 10, 2008.

Clifton Hawkins, #241217
Parnall Correctional Facility
1780 E. Parnall
Jackson, MI 49201-9037

                                                s/Johnetta M. Curry-Williams
                                                Case Manager