UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON HAWKINS,

        Petitioner,

                                CASE NO. 2:08-CV-10218
v.                                HONORABLE ANNA DIGGS TAYLOR

S. L. BURT,

        Respondent.
_____/

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner has filed a notice of appeal concerning this Court's non-prejudicial dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254 on exhaustion grounds. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

1

"A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

As discussed in the Court's dismissal order, Petitioner has not fully exhausted his state remedies by properly pursuing a state habeas action challenging his loss of disciplinary credits. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner has not shown that reasonable jurists would find this Court's non-prejudicial dismissal of his habeas petition on exhaustion grounds debatable. Additionally, the Court notes that Petitioner's claims challenging the loss of disciplinary credits have been rendered moot by his discharge from state custody on March 28, 2008. *See, e.g., Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the

court can no longer grant the requested relief).

Accordingly, for the reasons stated, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**SO ORDERED**.

                          **s/ Anna Diggs Taylor**
                          ANNA DIGGS TAYLOR
                          UNITED STATES DISTRICT JUDGE

DATED: June 19, 2008

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on June 19, 2008.

Clifton Hawkins
126 West 118th Place
Los Angeles, CA 90061                        s/Johnetta M. Curry-Williams
                                              Case Manager